IN THE

# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF HAMPSHIRE, SEPTEMBER TERM, 1804,
## AT NORTHAMPTON.

———◆———

### BENJAMIN TAPPAN & AL. *versus* CALVIN AUSTIN.

In *indebitatus assumpsit*, where a promise to pay interest is stated in the declara-
tion, an express promise to pay interest must be proved.

THE declaration in this case contained *three counts*. The *first*
was *indebitatus assumpsit* for money laid out and expended; the
*second* for money lent, and the *third* for money had and received.
In each of the counts, the promise was alleged to have been made
to pay on demand *with interest.*

One of the counsel for the plaintiffs had proceeded some way in
opening the cause, when he was asked by the Court if he expected
to prove an express promise or a special agreement to pay *interest;*
this question being answered in the negative, the Court (*Dana,* C. J.,
and *Strong* and *Thacher,* justices, present) said the action could
not be maintained in its present form, as all the
[ * 32 ] *counts stated a promise to pay *interest;* but they gave
leave to amend on the *common rule* (*a*).

*Bliss* and *Stoddard* for the plaintiff. *Ashmun* for the defendant.

(*a*) The rule above referred to is, "That in all cases (excepting after joinder in de-
murrer) the plaintiff *shall have leave* to amend his writ and declaration, upon his paying
the defendant his costs, or agreeing to a continuance, at the defendant's election—
provided always that the defendant shall have leave, upon such amendment, to plead
anew."